Anna S. McLean (No. 142233)
Nathaniel Spencer-Mork (No. 226886)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6666
Facsimile: (415) 772-6268
Anna.McLean@hellerehrman.com
Nate.SpencerMork@hellerehrman.com

John C. Ulin (No. 165524)
Patricia K. Oliver (No. 193423)
HELLER EHRMAN LLP
333 South Hope Street, 39th Floor
Los Angeles, CA 90071
Telephone: (213) 689-0200
Facsimile: (213) 614-1868
John.Ulin@hellerehrman.com
Patricia.Oliver@hellerehrman.com

Attorneys for Plaintiff
PHILIP MORRIS USA INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP MORRIS USA INC., <br><br> Plaintiff, <br><br> v. <br><br> SILVER VIEW SUPERMARKET, a California corporation doing business as SILVER VIEW SUPERMARKET; CAFE VIA HE, INC., a California corporation doing business as CAFE VIA HE; CUONG MANH VU, individually and doing business as RED DRAGON LIQUOR; DORIS CHENG, individually and doing business as LW GROCERY; EDGARDO P. REYES, individually and doing business as A & M VIDEO STORE; HELEN McCORMACK, individually and doing business as BUNTE GENERAL STORE; JESUS MATA, individually and doing business as PANADERIA EL PUEBLO; RAFAEL MATA, individually and doing business as PANADERIA EL PUEBLO; JUAN A. GODINEZ, individually and doing business as WATSONVILLE MARKET #2; LUZ | Case No.: C 06 0701 MMC <br><br> COMPLAINT FOR: <br><br> (i) LANHAM ACT -- § 32 (15 U.S.C. § 1114); <br> (ii) LANHAM ACT -- § 43(a) (15 U.S.C. § 1125 (a)); and <br> (iii) COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT |

COMPLAINT

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17 | GODINEZ, individually and doing business as WATSONVILLE MARKET #2; KASHMIR KAUR, individually and doing business as CAMPBELL U SAVE LIQUORS; JOGINDER SINGH, individually and doing business as CAMPBELL U SAVE LIQUORS; NG HING KEE, INC., a California corporation doing business as NG HING KEE, INC.; OUR TANG, individually and doing business as FLAKEY CREAM DONUT; ANDY CHEN, individually and doing business as FLAKEY CREAM DONUT; PETER HONG, individually and doing business as JACKSON & HYDE GROCERY; ANGELA QUACH, individually and doing business as JACKSON & HYDE GROCERY; QUIK STOP MARKETS INC., a California corporation doing business as QUICK STOP #90; SALEH AHMED ALGABRI, individually and doing business as NEIGHBOR'S MARKET; SALEH RASHEED ALWASIM, individually and doing business as BAY AREA MARKET; SHERAGA M. RAZ, individually and doing business as GYPSY TRADER; TEDROS-ZHEGIA HEBTE, individually and doing business as MILLENIUM COPY CENTER; THOMAS HUNG NGUYEN, individually and doing business as STRAWBERRY PARK LIQUOR; and DOES ONE through TEN, inclusive,<br><br>                                      Defendants. |

Plaintiff PHILIP MORRIS USA INC. ("Philip Morris USA"), for its complaint herein against all entities as set forth on Exhibit A (collectively "Defendants"), attached hereto and incorporated by reference, alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to: (i) 28 U.S.C. §§ 1331, 1338(a) and (b); (ii) 15 U.S.C. §1121, as an action for violation of the Lanham Act, 15 U.S.C. §§ 1051 et seq.; and (iii) 28 U.S.C. § 1367(a), pursuant to the principles of supplemental jurisdiction.

2. Philip Morris USA is informed and believes and thereupon alleges that venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that, among other things,

1

COMPLAINT

1  Defendants reside or are found in this judicial district and a substantial part of the events or
2  omissions giving rise to the claims herein occurred in this judicial district.

## NATURE OF THE ACTION

4  3. This is an action for: (i) infringement of registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin and trademark and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (iii) unfair competition and trademark infringement in violation of the common law of the State of California. As described more fully below, Defendants have sold, offered for sale, or otherwise contributed to the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes, and are therefore liable for direct and/or contributory infringement of Philip Morris USA's lawfully owned trademarks and trade dress. Defendants' conduct has produced and, unless enjoined by this Court, will continue to produce widespread consumer confusion and deception as well as irreparable injury to Philip Morris USA.

4. For several decades, Philip Morris USA has used, in connection with its tobacco products, the MARLBORO® mark and various other trademarks incorporating the word MARLBORO® and/or the MARLBORO Roof Design Label® mark, a pentagonal figure with a horizontal top and two vertical sides with two upwardly and inwardly sloping diagonals (collectively, the "Marlboro Marks"). Philip Morris USA has spent substantial time, effort and money advertising and promoting the Marlboro Marks throughout the United States, and these marks have consequently developed significant goodwill, have become distinctive, and have acquired secondary meaning.

5. In a blatant attempt to profit from Philip Morris USA's substantial investment in its Marlboro Marks, Defendants have sold cigarettes in packaging that bears spurious marks that are either identical with or substantially indistinguishable from the Marlboro Marks. Consumers naturally would expect that cigarettes sold in packaging that bears the famous Marlboro Marks would be manufactured or licensed or sponsored by, or affiliated with, Philip Morris USA. However, Philip Morris USA has confirmed that the cigarettes at

issue were not manufactured licensed or sponsored by Philip Morris USA and are counterfeit. Thus, consumers will be confused and/or disappointed by the differences between the counterfeit cigarettes and the genuine MARLBORO® and/or MARLBORO LIGHTS® cigarettes manufactured and sold by Philip Morris USA or its affiliates.

6. As a result of Defendants' actions, Philip Morris USA is suffering a loss of the enormous goodwill Philip Morris USA created in its MARLBORO® and/or MARLBORO LIGHTS® products and is losing profits from lost sales of genuine products. This action seeks permanent injunctive relief and damages for Defendants' infringement of Philip Morris USA's intellectual property rights.

## THE PARTIES

7. Plaintiff Philip Morris USA is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business at 6601 West Broad Street, Richmond, Virginia 23230.

8. Defendants' names, entity types and addresses are set forth in Exhibit A, attached hereto and incorporated herein by reference.

9. Philip Morris USA does not know the true names and capacities of the Defendants sued herein as Does One through Ten inclusive, and therefore sues these Defendants by such fictitious names. Philip Morris USA will amend this Complaint to allege the true names and capacities of these Defendants when it ascertains the same.

## FACTS GIVING RISE TO THIS ACTION

A. **THE SALE OF COUNTERFEIT CIGARETTES**

10. Philip Morris USA manufactures cigarettes, including the famous MARLBORO® brand, for sale in the United States. Retail establishments throughout the United States offer these cigarettes for sale to the adult public.

11. Between April 2005 and September 2005, Philip Morris USA conclusively identified as counterfeit one or more packs of cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® marks, offered for sale by each of the named Defendants. Philip Morris USA discovered these counterfeit cigarettes in one of the following two ways:

3

COMPLAINT

12. For the Defendants listed in Exhibit A to this Complaint as Numbers 1 through 17, an investigator under contract with Philip Morris USA purchased one or more packs (20 cigarettes per pack) of cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® marks, from the named Defendants' retail establishments. The dates of these purchases are listed in Exhibit A, attached hereto.

13. The investigators delivered the purchased packs of cigarettes to a Philip Morris USA facility. Philip Morris USA personnel then examined the cigarette packs using a series of proprietary inspection methods and conclusively determined one or more of the packs purchased from each of these Defendants' retail establishments was counterfeit.

14. For the Defendant listed in Exhibit A to this Complaint as Number 18, cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® marks were seized from the named Defendant's retail establishment by the California Board of Equalization ("BOE"). The date of the BOE seizure is listed in Exhibit A, attached hereto.

15. Philip Morris USA subsequently learned of the BOE seizure from Defendants' retail establishment, and Philip Morris USA sent representatives to the BOE to inspect these seized cigarettes. After inspecting the cigarette packs using a series of proprietary methods, Philip Morris USA representatives conclusively determined that one or more of the packs seized by the BOE from the Defendants' retail establishment was counterfeit.

**B. THE LIKELIHOOD OF CONFUSION AND INJURY CAUSED BY DEFENDANTS' ACTIONS**

16. The counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes are not the same or of the same quality as those manufactured and sold by Philip Morris USA under the same brand name. As such, consumers who purchase the counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes likely will be confused and/or disappointed by the differences between the counterfeit cigarettes and the genuine MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes. In addition, the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes is likely to cause confusion among consumers regarding Philip Morris USA's sponsorship or approval

4

COMPLAINT

of the counterfeit cigarettes. As a result of Defendants' actions, Philip Morris USA is suffering a loss of the enormous goodwill Philip Morris USA created in its MARLBORO® products and is losing profits from lost sales of genuine products.

## C. THE INFRINGED TRADEMARKS

17. Philip Morris USA is the United States owner of the famous Marlboro Marks under which the MARLBORO® cigarettes are sold and are among the most valuable trademarks in the world. The "Marlboro Marks" include, without limitation, MARLBORO® and MARLBORO LIGHTS®. Philip Morris USA has invested substantial time, effort and money in advertising and promoting the Marlboro Marks throughout the United States. The vast majority of MARLBORO® advertising and promotional activities display the Roof Design label mark and/or a MARLBORO® word mark. As a result, the Marlboro Marks are reportedly among the most widely recognized trademarks in the United States, and Philip Morris USA has developed significant goodwill in these marks.

18. Philip Morris USA is the registered owner of the following trademarks on the Principal Register of the United States Patent and Trademark Office ("USPTO"), all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065:

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Red Label |
| 1,039,412 | May 11, 1976 | MARLBORO LIGHTS |
| 1,039,413 | May 11, 1976 | MARLBORO LIGHTS Label |

True and correct copies of these registration certificates and/or computer printouts from the records of the USPTO are attached hereto as Exhibits B through E.

19. Defendants threaten to continue to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Philip Morris USA's irreparable damage.

5
COMPLAINT

**FIRST CLAIM FOR RELIEF**

(For Infringement of Registered Trademarks in Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1))

20. Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 19 hereof.

21. The acts of Defendants alleged herein constitute the use in commerce, without the consent of Philip Morris USA, of a reproduction, counterfeit, copy or colorable imitation of one or more of the Marlboro Marks in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers and therefore infringe Philip Morris USA's rights in one or more of the Marlboro Marks, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. Section 1114(1).

22. Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

**SECOND CLAIM FOR RELIEF**

(For False Designation of Origin and Trademark and Trade Dress Infringement in Violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))

23. Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 hereof.

24. The acts of Defendants alleged herein constitute the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). These acts of Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Philip Morris USA, or as to the origin, sponsorship or approval of counterfeit cigarettes by Philip Morris USA.

25. Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

### THIRD CLAIM FOR RELIEF

(For Unfair Competition in Violation of California State Common Law)

26. Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25 hereof.

27. Defendants' conduct, as alleged above, constitutes unfair competition under California State common law. Defendants' acts have resulted in the "passing off" of Defendants' products as those of Philip Morris USA, or as somehow related or associated with, or sponsored or endorsed by, Philip Morris USA.

28. Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

WHEREFORE, Plaintiff Philip Morris USA Inc. prays for judgment as follows:

A. For judgment that:
  (i) Defendants have violated Section 32 of the Lanham Act, 15 U.S.C. § 1114;
  (i) Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and
  (ii) Defendants engaged in unfair competition in violation of the common law of the State of California.

B. For an injunction restraining and enjoining Defendants and their divisions, subsidiaries, officers, agents, employees and attorneys, and all those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from (i) purchasing, distributing, selling, or offering for sale, counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; or (ii) using the Marlboro Marks or trademarks confusingly similar therewith or the MARLBORO® and/or

MARLBORO LIGHTS® trade dress or trade dress confusingly similar therewith with the exception of the sale and, offering for sale of genuine MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

  C. For an order (i) requiring Defendants to account for and pay over to Philip Morris USA all of Defendants' profits derived from their unlawful conduct, to the full extent provided for by Section 35(a) of the Lanham Act, 15 U.S.C. Section 1117(a), including treble damages where appropriate; (ii) as an alternative to awarding profits under Sections 35(a), awarding Philip Morris USA statutory damages as provided for by Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c); and (iii) awarding Philip Morris general and special damages to the full extent provided for by the common law of the State of California.

  D. For costs of suit, including attorneys fees where appropriate, and for such other and further relief as the Court shall deem appropriate.

DATED: January 31, 2006  HELLER EHRMAN LLP

By _____
   Anna S. McLean

Attorneys for Plaintiff
PHILIP MORRIS USA INC.

COMPLAINT

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: 1) Plaintiff, Philip Morris USA Inc., and 2) Altria Group Inc., parent corporation of Plaintiff, Philip Morris USA Inc.

DATED: January 31, 2006          HELLER EHRMAN LLP

By _____
Anna S. McLean

Attorneys for Plaintiff
PHILIP MORRIS USA INC.

COMPLAINT