IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP MORRIS USA INC., <br><br> Plaintiff, <br><br> v. <br><br> SILVER VIEW SUPERMARKET, et al., <br><br> Defendants / | No. C-06-0701 MMC <br><br> **ORDER AFFORDING PLAINTIFF LEAVE TO SUPPLEMENT APPLICATION FOR EX PARTE TEMPORARY RESTRAINING ORDER** |

Before the Court is plaintiff Philip Morris USA Inc.'s ex parte application, filed January 31, 2006, for a temporary restraining order against defendant Silver View Supermarket ("Silver View"). In particular, plaintiff seeks to enjoin Silver View from purchasing or selling counterfeit Marlboro cigarettes.

The evidence before the Court is that plaintiff's agents purchased counterfeit Marlboro cigarettes on two occasions in 2005 at Good Luck Supermarket, located at 259 10th Street, Oakland, California. (See Samuels Decl. at 2; Irons Decl. at 2.) There is no admissible evidence before the Court of any connection between Goodluck Supermarket and Silver View, only a declaration based on hearsay.[1] The Court cannot issue a temporary restraining order against Silver View based on inadmissible hearsay about its

---

[1] That declaration, in relevant part, states: "I am informed that public records indicate that this retail establishment, which is located at 259 20th Street in Oakland, California, has been under the same ownership since late 2004, although its name subsequently changed from Good Luck Supermarket to Silver View Supermarket. Based on this information, I understand that all counterfeit cigarettes purchased at this location in 2005 were sold by the same owner, regardless of whether the store was named Good Luck Supermarket or Silver View Supermarket at the time of the buy." (See Wilson Decl. at 3 n.1.)

ownership.

In addition, plaintiff seeks an order permitting it to inspect Silver View's inventory and to seize any counterfeit Marlboro cigarettes found therein. The proposed order submitted by plaintiff provides: "If any such cigarettes are identified as counterfeit, Philip Morris USA shall be allowed to retain possession of those cigarettes, pending trial in this matter." (<u>See</u> Proposed Order at 4-5.) Philip Morris has submitted no authority, however, permitting it to seize and retain control of any counterfeit cigarettes found in Silver View's inventory.[2]

Accordingly, the Court will afford plaintiff the opportunity to file, no later than February 3, 2006, a supplemental memorandum and supplemental declaration(s) demonstrating that it is entitled to the relief sought against Silver View. If plaintiff fails to timely file such supplemental briefing, the Court will deny the pending application for a temporary restraining order.

**IT IS SO ORDERED.**

Dated: February 1, 2006

MAXINE M. CHESNEY
United States District Judge

---

[2] Although the Court may issue a seizure order pursuant to 15 U.S.C. § 1116(d), plaintiff has not sought such an order. Any seizure order issued pursuant to § 1116(d) must be executed by a federal, state, or local law enforcement officer, and the goods seized "shall be taken into the custody of the court." <u>See</u> 15 U.S.C. § 1116(d)(7), (d)(9).

2