IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PHILIP MORRIS USA INC.,

        Plaintiff,

v.

SILVER VIEW SUPERMARKET, et al.,

        Defendants

No. C-06-0701 MMC

**ORDER RE: ORDER TO SHOW CAUSE**

On February 17, 2006, the Court issued an order to show cause why all defendants, with the exception of Silver View Supermarket ("Silver View"), should not be dropped from the instant action as improperly joined, without prejudice to plaintiff's refiling its claims against said defendants in separate actions. On March 3, 2006, plaintiff Philip Morris USA Inc. ("Philip Morris") filed its timely response to the order to show cause.

Rule 20(a) of the Federal Rules of Civil Procedure provides that multiple defendants may be joined in a single action "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." See Fed. R. Civ. P. 20(a). "Rule 20(a) imposes two specific requirements for the permissive joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the

same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." See Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980). Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." See League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977).

Although the complaint in the instant action alleges that all defendants sold counterfeit Marlboro cigarettes in Northern California, there is no allegation of any other connection among the defendants. In response to the order to show cause, Philip Morris argues that defendants are properly joined because (1) each defendant is alleged to have violated Philip Morris's trademarks in the same manner, i.e., by selling counterfeit Marlboro cigarettes, (2) such sales all occurred in Northern California, and (3) defendants' sale of counterfeit cigarettes bearing date codes that have been found on counterfeit product sold by other retailers reflects their possible involvement in a common distribution system. As noted, however, no such requisite connection among the defendants appears anywhere in the complaint. Compare United States v. Mississippi, 380 U.S. 128, 142 (1965) (holding six Mississippi registrars properly joined as defendants in voting rights case where complaint alleged defendants to be part of "state-wide system designed to enforce the registration laws in a way that would inevitably deprive [plaintiffs] of the right to vote") with Nassau County Association of Insurance Agents v. Aetna Life & Casualty Co., 497 F.2d 1151, 1154 (2d Cir. 1974) (holding defendants misjoined where "[n]o allegation of conspiracy or other concert of action has been asserted" and "[n]o connection at all between the practices engaged in by each of the 164 defendants has been alleged"); see also GMA Accessories, Inc. v. DML Marketing Group, Ltd., 229 F.R.D. 71, 73 (S.D.N.Y. 2005) (holding five retailers properly joined as defendants in copyright case where complaint alleged all such retailers purchased infringing product from common source).

Accordingly, Philip Morris's claims against all defendants other than Silver View are hereby DISMISSED for improper joinder, without prejudice to Philip Morris's amending the

complaint to allege the requisite connection among the defendants. Any amended complaint shall be filed no later than 21 days from the date of this order.

**IT IS SO ORDERED.**

Dated: April 21, 2006

_____
MAXINE M. CHESNEY
United States District Judge