IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP MORRIS USA INC., <br><br> Plaintiff, <br><br> v. <br><br> SILVER VIEW SUPERMARKET, INC., *et al.*, <br><br> Defendants. | Case No.: 06-CV-0701 MMC <br><br> [~~PROPOSED~~] **CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT SHERAGA RAZ, INDIVIDUALLY AND DOING BUSINESS AS GYPSY TRADER** <br><br> **(DEFENDANT NO. 7)** |

Plaintiff Philip Morris USA Inc. ("Philip Morris USA") and Defendant Sheraga Raz, individually and doing business as Gypsy Trader ("Defendant"), having settled this action on the terms and conditions stated herein, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. This is an action for: (i) infringement of registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin and trademark and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (iii) unfair competition in violation of the common law of the State of California. This Court has personal jurisdiction over Philip Morris USA and Defendant,

and subject matter jurisdiction of the matter in controversy between Philip Morris USA and Defendant. Venue in this judicial district is proper.

2. Defendant waives any objections it may have regarding sufficiency of process or the sufficiency of service of process in this action.

3. Philip Morris USA manufactures cigarettes, including the famous MARLBORO® brand, for sale in the United States. Philip Morris USA is the registered owner of the following MARLBORO® and MARLBORO®-related trademarks on the Principal Register of the United States Patent and Trademark Office, all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065 (collectively "Philip Morris USA Marks"):

| Registration Number | Date Registered |
| --- | --- |
| 68,502 | April 14, 1908 |
| 938,510 | July 25, 1972 |
| 1,039,412 | May 11, 1976 |
| 1,039,413 | May 11, 1976 |

4. Philip Morris USA has spent substantial time, effort, and money advertising and promoting the Philip Morris USA Marks throughout the United States, and these marks have consequently developed significant goodwill, have become distinctive, and have acquired secondary meaning. As a result of the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes, Philip Morris USA is suffering a loss of the enormous goodwill associated with the Philip Morris USA Marks, and is losing profits from lost sales of genuine products.

5. Beginning on or about September 11, 2005 and subsequent to Philip Morris USA's adoption and first use of the Philip Morris USA Marks, Defendant offered for sale and sold to the general public counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

6. In a Complaint ("Complaint") filed with this Court on January 31, 2006, Philip Morris USA alleged that Defendant's offering for sale and sale of counterfeit

1

MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes constitutes trademark and trade dress infringement, false designation of origin, unfair competition, and related violations of Philip Morris USA's rights in the Philip Morris USA Marks under the Lanham Act and state law. Philip Morris USA sought both injunctive relief and monetary damages.

7. Since the filing of the Complaint, Philip Morris USA and Defendant have agreed to a full and final settlement of this action as contained herein and have agreed to the entry of this Consent Judgment and Permanent Injunction. Accordingly, it is hereby **ORDERED** that Defendant, and its officers, agents, servants, and employees, and all persons in active concert or participation with it, are hereby permanently enjoined from

(i) purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes;

(ii) assisting, aiding or abetting any other person or entity in purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; and

(iii) interfering with or impeding the inspections authorized by Paragraph 8(a) hereof in any way.

8. Defendant further agrees to cooperate in good faith with Philip Morris USA in any further investigation of this matter, including but not limited to (a) permitting representatives of Philip Morris USA to conduct inspections, without notice, of Defendant's inventory of cigarettes to determine whether any cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® mark are counterfeit. Philip Morris USA shall be entitled to conduct no more than two such inventory inspections in any calendar month, except that if counterfeit MARLBORO® and/or MARLBORO LIGHTS® are discovered during an inspection, Philip Morris USA's rights to conduct further inventory inspections within 90 days of the first inspection shall not be so limited. Any such inspections may proceed at any Defendant retail outlet between the hours of 9:00 a.m. and 5:00 p.m. on any day

Defendant is open for business. Philip Morris USA shall be entitled to take possession of such MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes as Philip Morris USA or its representatives determine to be counterfeit. Defendant further agrees: (b) to respond to reasonable requests for information about Defendant's suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes; and (c) to cooperate with Philip Morris USA's representatives in their investigations of any suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

9. The terms of this Consent Judgment and Permanent Injunction shall be enforceable against Defendant and any persons working in concert with him and any retail outlet Defendant and/or such persons may own or operate now or in the future.

10. Defendant agrees to waive with prejudice all claims against Philip Morris USA to the extent that they exist as of the date this agreement is entered by the Court, whether they are asserted or not. All claims asserted in this action by Philip Morris USA for monetary recovery from Defendant are hereby dismissed with prejudice. There being no just reason for delay, the entry of this consent judgment by the United States District Court constitutes entry of final judgment as to all remaining claims asserted in this action by Philip Morris USA against Defendant pursuant to Federal Rule of Civil Procedure 54(b). Philip Morris USA and Defendant will each bear their own costs and attorneys' fees. Upon entry of this Consent Judgment and Permanent Injunction, any bond or undertaking Philip Morris USA has filed in this action as to Defendant shall be deemed exonerated and the original of such bond or undertaking shall be returned to Philip Morris USA.

11. With regard to the release set forth above, Defendant expressly waives the provisions of California Civil Code Section 1542, and any similar law, statute or policy. California Civil Code Section 1542 states as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Defendant understands and acknowledges the significance and the consequences of this waiver of California Civil Code Section 1542 and confirms that he or she has either discussed or been given an opportunity to discuss such matters and all of the provisions of this Consent Judgment and Permanent Injunction with counsel of his choice.

12. The Court shall retain jurisdiction to enforce this Consent Judgment and Permanent Injunction. If Defendant shall be alleged to have breached the terms of this Consent Judgment and Permanent Injunction, Philip Morris USA shall have the right to reopen this matter upon noticed motion filed and heard pursuant to the Federal Rules of Civil Procedure and the Civil Local Rules of this Court. If this matter is so reopened, Philip Morris USA may pursue any and all remedies it may have against Defendant in addition to liquidated damages as set forth below.

13. Philip Morris USA has entered this Consent Judgment in material reliance on Defendant's representations as to the sources from which it has purchased the cigarettes sold at its retail outlet since September 2004. If Philip Morris USA determines in good faith that Defendant has materially misrepresented the sources from which it purchased cigarettes during this time period, or if Defendant has failed to identify any of its cigarette suppliers for this time period, such misrepresentation and/or omission shall constitute a material breach of this Consent Judgment and Permanent Injunction and the terms hereof shall be null and void except that Defendant shall remain permanently enjoined by the provisions of Paragraphs 7 and 8 hereof, and shall be liable for liquidated damages pursuant to the terms of Paragraph 14(iii). In that event, Philip Morris USA shall have the right to reopen this matter. If this matter is so reopened, Philip Morris USA may pursue all non-monetary remedies it may have against Defendant, and/or liquidated damages as set forth below.

14. The parties recognize and acknowledge that it would be impractical or very difficult to determine or fix the amount of damages that would be sustained as a result of a breach of this Consent Judgment and Permanent Injunction by Defendant. Accordingly, after making a reasonable endeavor to arrive at the amount that would be an approximation of the damages that would or might be sustained in the event of a breach, the parties hereto

4

agree to fix said amount of liquidated damages in the sum of (i) $500.00 for the first breach of Defendant's obligation to cooperate in good faith with Philip Morris USA's investigative efforts, as set forth in Paragraph 8, and $500.00 per day for each subsequent breach, accruing from the date Philip Morris provides reasonable notice to Defendant of the breach; and (ii) $500.00 for the first occasion on which Philip Morris USA confirms that Defendant has sold counterfeit MARLBORO® or MARLBORO LIGHTS® brand cigarettes after this Consent Judgment and Permanent Injunction is entered, with the monetary damages to double for each subsequent occasion on which a sale of counterfeit product is confirmed (*e.g.*, $1,000.00 for the second occasion, $2,000.00 for the third occasion, *etc.*), except that if Philip Morris USA discovers 10 cartons or more of counterfeit MARLBORO® or MARLBORO LIGHTS® cigarettes in the combined inventory of one or more of Defendant's retail outlets in any inspection conducted within 90 days of the date on which cigarettes purchased at any of Defendant's retail outlets are confirmed as counterfeit, the amount of liquidated damages shall be multiplied by 10 (*e.g.*, on the first such occasion, $5,000; on the second such occasion, $10,000, *etc.*) with any liquidated damages recovery capped at $100,000; and (iii) in the event Defendant has materially misrepresented the sources from which it has purchased cigarettes since September 2004 and/or failed to identify any of its cigarette suppliers during this time period in violation of Paragraph 13 hereof, $500.00 per day from the date this Consent Judgment and Permanent Injunction is entered, to the date Philip Morris USA learns of the misrepresentation and/or omission.

15.     Philip Morris USA agrees that, for the first occasion on which Defendant sells counterfeit MARLBORO® or MARLBORO LIGHTS® cigarettes in violation of this Consent Judgment, Philip Morris USA will pursue no remedy for the violation of the Consent Judgment other than the amount of liquidated damages prescribed in Paragraph 14 hereof. The parties further agree that in any proceeding to enforce this Consent Judgment based upon the first occasion on which Defendant sells counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes in violation hereof, the parties shall bear their own attorneys' fees and costs. Nothing in this paragraph shall prevent Philip Morris USA from

instituting a new lawsuit on the basis of the first sale by Defendant of counterfeit MARLBORO® or MARLBORO LIGHTS® cigarettes following the entry of this Consent Judgment, or any subsequent sale by Defendant of counterfeit MARLBORO® or MARLBORO LIGHTS® cigarettes.

16. In the event that Defendant breaches this Consent Judgment and Permanent Injunction as set forth above, which breach shall be determined on the basis of such evidence as Philip Morris USA shall present to the Court at a noticed hearing, then upon a finding by the Court of a violation, Defendant shall be obligated to pay to Philip Morris USA liquidated damages in the amounts set forth above. Upon the entry of an Order of this Court that Defendant has committed such a breach, Philip Morris USA shall be entitled to enforce the Court's Order, including by Writ of Execution.

17. Each of the parties acknowledges and represents that it has fully considered the effect of this provision for liquidated damages.

18. In any proceeding to enforce this Consent Judgment or in any indemnification action by Defendant against a third party that he alleges is responsible for his being ordered to pay liquidated damages for violation of this Consent Judgment, Defendant may serve Philip Morris USA at the following address:

>  Nathaniel R. Spencer-Mork, Esq.
>  Heller Ehrman LLP
>  333 Bush Street
>  San Francisco, California 94104

and Philip Morris USA may serve Defendant at the following address:

>  Hugo Torbet, Esq.
>  807 Montgomery Street
>  San Francisco, CA 94133.

DATED: December 12, 2006

UNITED STATES DISTRICT JUDGE

The individuals executing this Judgment represent or confirm that they are duly authorized to do so, and are similarly authorized to bind each of the signatories to this Judgment.

CONSENTED TO:

DATED: 12/8/2006

*/s/ J.C. Ulin*

HELLER EHRMAN LLP
JOHN C. ULIN
333 Bush Street
San Francisco, CA 94104-2878

(415) 772-6000
(415) 772-6268

Counsel for Plaintiff Philip Morris USA Inc.

DATED: 12-8-06

*/s/ Sheraga Raz*

SHERAGA RAZ, individually and doing business as GYPSY TRADER
2485 Telegraph Ave.
Berkeley, CA 94704

Defendant.

Approved as to form:

*/s/ Hugo Torbet*

HUGO TORBET
807 Montgomery Street
San Francisco, CA 94133
(415) 986-9400

Counsel for Defendant Sheraga Raz